# Exhibit A

AO 442   (Rev 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

District of _____

VERMONT.

UNITED STATES OF AMERICA

v.

MEGAN WOLFE

WARRANT FOR ARREST

Case Number: 2:00-CR-106-1

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest   Megan Wolfe
                                                                                              Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☒ Order of court  ☐ Probation Violation Petition  ☒ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with (brief description of offense)

in violation of Title _____ United States Code, Section(s) _____

Lisa Wright
Name of Issuing Officer

*Signature: Lisa Wright*
Signature of Issuing Officer

Deputy Clerk
Title of Issuing Officer

04/14/2004
Date

Burlington, VT
Location

COPY
FOR CASE FILE AND
INVESTIGATIVE PURPOSES
ONLY
ORIGINAL ON FILE

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# United States Probation Office
United States District Court
District of Vermont

Burlington, VT 05402
402 U.S. Courthouse
P.O. Box 432
(802) 652-3000

Brattleboro, VT 05302
U.S. Courthouse
P.O. Box 339
(802) 254-0251

# *Memorandum*

Reply to: Burlington

TO: Carol Shea, Chief
Civil Division U.S. Attorney's Office

FROM: Daniel J. Mangan
U.S. Probation Officer

DATE: April 12, 2004

SUBJECT: U.S. v. Megan Wolfe
Docket No. 00 CR 106-02

The Court granted a defense motion on March 10, 2004 ordering the release of Megan Wolfe on March 12, 2004 so that she could enter Conifer Park, a residential substance abuse program located in Glenville, NY. Wolfe entered Conifer Park on that date and was discharged on March 30, 2004. Because Wolfe was unable to secure any transitional services prior to his discharge, a modification of her conditions of supervised release was sought to include a placement of up to 180 days in a community correctional center. The Court agreed with this request by signing Probation Form 12B on April 1, 2004 (a copy is attached for your review).

The Federal Bureau of Prisons secured a bed for Wolfe on April 6, 2004 at the Women in Transition Facility, run by the Essex County Sheriff's Department, located in Salisbury, MA. The facility is a Minimum/Pre-Release facility that serves 24 women with drug and alcohol addictions and provides extensive substance abuse treatment focusing on education, assessment, and evaluation, individual and group counseling and treatment.

On the morning of April 6, 2004, I received a call from Wolfe's father who was inquiring about a placement for his daughter. I advised him of the availability of a bed at Women in Transition and asked if she could admit herself into the program that same day. He advised me that his wife would have to drive Wolfe, so he would have her call me. Wolfe's mother called me soon afterwards, but she was unsure if her daughter could get dressed and packed in time (Wolfe would need to arrive at the facility prior to 4:00p.m.). I was curious why Wolfe was not the one calling me about the placement, so I asked her mother where she was. Her mother advised me that her daughter was still sleeping. I asked her to wake her up so that I could give her instructions to admit herself. As soon as I started conversing with Wolfe, I immediately suspected that she was under the influence of opiates. She was lethargic, incoherent at times, and difficult to communicate with. I asked her if she had relapsed, but she denied that she had. Wolfe and her mother eventually agreed that they would leave that morning.

I contacted a staff member at Women in Transition and requested that they collect a urine specimen

upon her arrival.

On April 12, 2004, Wolfe's father called me asking that I contact his daughter. Apparently, Wolfe has some concerns about her placement. I called Wolfe who voiced her objections about being in this facility. She said it is not what she expected, complained that she was not being offered treatment, and was interested in finding other transitional services. I would note that Women in Transition is not at all similar to Coolidge House in Boston, where Megan was previously housed for a short time before her removal due to program infractions. Unlike Coolidge House, the Women in Transition Facility is a secure facility for women with substance abuse problems. I advised her that if she was able to secure alternative transitional services, as her condition allowed, then she could leave Women in Transition to enter another suitable program.

During my conversation with Wolfe, I asked her if she had provided a urine sample upon her arrival. She advised that she did. I asked her again if she had relapsed since her discharge form Conifer Park, which she denied. Wolfe was asked if she had been informed of her drug test results from the collection taken on her admission, but stated that she was not informed. After speaking with Wolfe, I spoke with staff member Michelle Walsh. Walsh confirmed that a urine specimen was collected on her admission date and that the specimen had tested positive for opiates. Walsh also confirmed that Wolfe was notified of the test results. I asked that Megan be placed back on the telephone so that I could confront her about her earlier responses to me. When challenged with the test results, she finally admitted that she had used heroin prior to her arrival. She made it clear to me that she does not wish to be at this program and even suggested that she would be better off at "Danbury" (Wolfe served her custody sentence at Federal Correctional Institution in Danbury, CT).

Wolfe has been given every opportunity to deal with her addiction, but to no avail. As a last resort, the Court granted her an opportunity to enter a residential drug treatment program by releasing her from custody last month. However, within a week of her discharge, she was using again. As to her placement at Women in Transition, it was hoped that her stay there would have been the catalyst to keep her committed to recovery and to prepare her for her eventual release back into the community. Instead, Wolfe complains that the program does not meet her approval, does not offer treatment services (which is untrue) and wants to go somewhere else, including going back to FCI Danbury.

I am requesting that the U.S. Attorney's Office file a motion with the Court seeking the issuance of another warrant to revoke conditions of release. Wolfe has demonstrated time and time again that she cannot abide by the conditions of her supervised release and her conditions of release pending a Final Revocation Hearing. Given her latest transgressions, she is no longer deserving of any consideration and should be returned to custody pending final disposition in the matter now before the Court.

Respectfully submitted,

Daniel J. Mangan
U.S. Probation Officer

Reviewed by:

Ronald P. Tetu
Supervising U.S. Probation Officer